UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN RUSSELL MEYER, | No. 2:13-cv-1462 CKD P |
| Petitioner, | |
| v. | ORDER |
| WILLIAM KNIPP, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se who has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Petitioner has consented to this court's jurisdiction.

Petitioner has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Petitioner seeks a writ enjoining officials at Mule Creek State Prison from transferring him to "any prison which is in [the] area where Valley Fever is prevalent." (ECF No 1 at 1.) Petitioner alleges that, because he has been diagnosed with asthma, such a transfer would be harmful to his health. (Id. at 2.) Petitioner does not allege, and no attached documents indicate, that prison officials are planning to transfer him to any specific prison.

Although petitioner seeks a writ of mandate, for screening purposes the court will treat the instant petition as arising under 28 U.S.C. § 2254 . Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."

The All Writs Act, 28 U.S.C. § 1651 provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All Writs Act does not confer original jurisdiction on federal courts, but may be invoked only to aid already existing jurisdiction. 28 U.S.C. § 1651(a). In the event that jurisdiction is properly pled, "injunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances." Brown v. Gilmore, 533 U.S. 1301 (2001) (internal quotations and citations omitted). "Such an injunction is appropriate only if the legal rights at issue are indisputably clear." Id. (internal quotations and citations omitted).

Here, petitioner's allegations do not qualify for writ relief. Moreover, petitioner's challenge to his conditions of confinement is properly the subject of an action brought pursuant to 42 U.S.C. § 1983. Indeed, the cases petitioner cites regarding inmates' exposure to harmful conditions are cases brought pursuant to § 1983. (Id. at 2.) As the United States Supreme Court has stated:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action. . . . Federal petitions for habeas corpus may be granted only after other avenues of relief have been exhausted. 28 U.S.C. § 2254(b)(1)(A). [Citation.] Prisoners suing under § 1983, in contrast, generally face a substantially lower gate, even with the requirement of the Prison Litigation Reform Act of 1995 that administrative opportunities be exhausted first. 42 U.S.C. § 1997e(a).

Muhammad v. Close, 540 U.S.749, 750-751 (2004) (per curiam).

2

Because it is plain from the petition and appended exhibit that petitioner is not entitled to federal habeas relief, the petition will be summarily dismissed pursuant to Rule 4.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's request for leave to proceed in forma pauperis (ECF No. 10) is granted; and

2. The petition (ECF No. 1) is summarily dismissed pursuant to Rule 4.

Dated: August 21, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / meye1462.R4